UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC BLEMBERG and
CODIE SOMMERS,

        Plaintiffs,

   v.                                                          Case No. 18-C-637

ARC FIRE PROTECTION LLC and
KEITH E. GAROT,

        Defendants.

## DECISION AND ORDER

Plaintiffs filed the instant action against Defendants on April 23, 2018, alleging violations of the Fair Labor Standards Act (FLSA) and Wisconsin's Wage Payment and Collection Laws (WWPCL) for their failure to compensate Blemberg and Sommers for all hours Defendants permitted them to work, including at an overtime rate of pay for all hours worked in excess of forty hours in a workweek. On December 21, 2018, Plaintiff Blemberg filed a motion for summary judgment and Plaintiff Sommers filed a motion for partial summary judgment. Defendants did not respond to the motions. Plaintiffs filed a combined reply brief on January 23, 2019, requesting that the court grant their motions for summary judgment as a matter of law as to Defendants' liability. In addition, Blemberg requests entry of judgment in the amount of $24,649.00 plus reasonable attorneys' fees and costs. To date, Defendants have failed to file a response and have not requested an extension of time to do so.

The local rules of this district provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. Civil L.R. 7(d) (E.D. Wis.). Defendants have failed to

respond to the motions or explain why they have been prevented from doing so. This alone is grounds to grant the motions. For this reason, and also because it is clear Plaintiffs are entitled to judgment as a matter of law, Plaintiffs' motions for summary judgment will be granted.

The FLSA and WWPCL require employers to pay employees for all hours worked as well as overtime at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* 29 U.S.C. §§ 206(a), 207(a); Wis. Stat. §§ 109.01(3), 109.03(1). In this case, Defendants do not dispute that Plaintiffs were not compensated for all hours worked, including hours in excess of forty in a workweek and that they failed to pay Plaintiffs wages as agreed. Accordingly, the court will grant Plaintiffs' motions for summary judgment as to the issue of liability. Because the record is unclear as to the number of hours Sommers worked and the amount he is owed, a trial on the issue of damages is necessary.

The record with respect to Blemberg demonstrates that Defendants failed to pay him $13,876.09. Plaintiffs assert that Blemberg is also entitled to liquidated damages under the FLSA and WWPCL. Employers who violate the FLSA "shall be liable to the . . . employees affected in the amount of their . . . unpaid overtime compensation [as well as an] additional equal amount as liquidated damages . . . ." 29 U.S.C. § 216(b); *see also* Wis. Stat. § 109.11(2)(a) ("court may order the employer to pay the employee, in addition to the amount of wages due and unpaid . . . increased wages of not more than 50 percent of the amount of wages due and unpaid"). But, if an employer's violation of the FLSA was in good faith and reasonable, it will not be liable for liquidated damages under the FLSA. *See* 29 U.S.C. § 260; *see also Hubbard v. Messer*, 2003 WI 145, 267 Wis. 2d 92, 673 N.W.2d 676 ("If the wage dispute was the result of an honest misunderstanding, a mistake, or a reasonable dispute, a circuit court might very well not award civil penalties or expenses to an

2

employee."). In this case, Defendants have presented no evidence that their violation of the FLSA was in good faith or their failure to compensate Blemberg was the result of an honest misunderstanding, a mistake, or a reasonable dispute. Blemberg is therefore entitled to liquidated damages. In short, Blemberg is entitled to judgment in the amount of $24,649.00 plus an award of reasonable attorneys' fees and expenses.

**IT IS THEREFORE ORDERED** that Blemberg's motion for summary judgment (ECF No. 19) is **GRANTED**. Blemberg is entitled to judgment in the amount of $24,649.00 plus an award of reasonable attorneys' fees and costs.

**IT IS FURTHER ORDERED** that Sommers' motion for partial summary judgment (ECF No. 20) is **GRANTED**. The Clerk is directed to set the matter for trial on the issue of damages with respect to Sommers.

Dated this  1st  day of February, 2019.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court