UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC BLEMBERG and
CODIE SOMMERS,

        Plaintiffs,

v.                                                           Case No. 18-C-637

ARC FIRE PROTECTION LLC, et al.,

        Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF BLEMBERG'S MOTION FOR ATTORNEYS' FEES

Plaintiffs Eric Blemberg and Codie Sommers commenced this Fair Labor Standards Act (FLSA) and Wisconsin Wage Payment and Collection Law (WWPCL) action against Defendants ARC Fire Protection LLC and Keith E. Garot on April 23, 2018. On February 1, 2019, the court granted Plaintiffs' motion for summary judgment and found Blemberg was entitled to judgment in the amount of $24,649.00 plus an award of reasonable attorneys' fees and costs. Presently before the court is Blemberg's motion for attorneys' fees and costs in the amount of $19,164.17. To date, Defendants have not filed a response to the motion. For the following reasons, Blemberg's motion will be granted.

The FLSA allows "a reasonable attorney's fee to be paid by the defendant, and costs of the action" to a successful plaintiff. 29 U.S.C. § 216(b). A district court calculates attorneys' fees using the "lodestar" method: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.'" *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (quoting *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856–57 (7th Cir. 2009)). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The party seeking the fee bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rate[s] are in line with those prevailing in the community." *Id.* Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (internal quotation marks and citations omitted). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

Blemberg requests an hourly rate of $350.00 for Attorneys Scott S. Luzi and David M. Potteiger of Walcheske & Luzi, LLC. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640. The market rate is "'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). Courts, including this court, have approved the hourly rate requested for Attorneys Luzi and Potteiger in similar cases. *See, e.g.*, *Kapellusch v. Bold Salons LLC*, Case No. 2018-cv-843 (E.D. Wis. Jan. 31, 2019); *Gerlach*

*v. West Revenue Generation Servs.*, Case No. 2018-cv-170 (E.D. Wis. Jan. 3, 2019); *Rabetski v. Century Oaks of Appleton, Inc.*, Case No. 2017-cv-1453 (E.D. Wis. June 5, 2018). To support the requested fees, Blemberg also submitted a declaration from Attorney Robert M. Mihelich demonstrating that the rate requested is in line with what is normally charged for similar services by other practitioners. *See* Mihelich Decl., ECF No. 33. The court finds that Blemberg has met his burden to establish that the requested rate is reasonable.

Blemberg seeks an award based on 54.2 hours of billable time litigating the merits of the matter and preparing the attorneys' fees motion. After reviewing the itemized statements provided by Blemberg detailing the work performed and the amount of time billed for each task, the court finds that the number of hours expended on this case was reasonable.

Having concluded that the loadstar in this action is $18,970.00 (the hourly rate times the number of hours worked), the court must now consider whether that amount should be adjusted based on a number of factors. *See Hensley*, 461 U.S. at 433–34. "[T]he most critical factor in determining the reasonableness of the award is the degree of success obtained." *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (internal quotation marks and citation omitted). In this case, the efforts of Blemberg's counsel resulted in a total award for Blemberg of $24,649.00. While the amount of attorneys' fees may appear disproportionate to Blemberg's award, the Seventh Circuit has "rejected the notion that the fees must be calculated proportionately to damages." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (internal quotation marks and citation omitted). In addition, Defendants' failure to submit a response to the motion is "sufficient cause for the Court to grant the motion." Civil L.R.

3

7(d) (E.D. Wis.). Based on the degree of success obtained in this case as well as the absence of any opposition by Defendants, the court finds no reason to adjust the lodestar amount.

For these reasons, Blemberg's motion for attorneys' fees and costs (ECF No. 29) is **GRANTED**. Blemberg is awarded $18,970.00 in fees and $194.17 in costs.

**SO ORDERED** this   27th   day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
